# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEDICOMP, INC.,**

               **Plaintiff,**

**-vs-**                                          **Case No.  6:12-cv-100-Orl-22DAB**

**UNITED HEALTHCARE INSURANCE
COMPANY,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **MOTION FOR ATTORNEY'S FEES (Doc. No. 86)**
>
> **FILED:**       **August 6, 2013**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### Background

       As set forth in prior Orders, Plaintiff brought suit against Defendants, United Healthcare

Insurance Company, United Healthcare of New York, United Healthcare Service, LLC and United

Healthcare Services, Inc. (collectively, "United" or "Defendants"), for Defendants' alleged failure to

reimburse Plaintiff for its wireless monitoring device, in violation of the federal Employee Retirement

Income Security Act (ERISA). *See* 29 U.S.C. § 1132(a).  Following the Court's entry of summary

judgment in favor of United (Docs. 84, 85), Defendants move pursuant to 29 U.S.C. § 1132(g)(1),

Rule 54(d), Federal Rules of Civil Procedure, Local Rule 4.18, and "this Court's inherent authority,"

for an award of attorneys' fees in the amount of $197,834.60 (Doc. 86-1).  Plaintiff opposes the motion, arguing that it is procedurally barred by Defendants' failure to seek attorney's fees in their Answer and is otherwise without merit (Doc. 88).  For the following reasons, it is **respectfully recommended** that the motion be **denied.**

### Discussion

*The failure to plead entitlement to fees*

Defendants purport to bring this motion pursuant to Rule 54(d) and Local Rule 4.18.  In relevant part, Rule 54(d), Fed. R. Civ. Pro. provides that, "[a] claim for attorney's fees . . .must be made by motion . . .filed no later than 14 days after the entry of judgment." Rule 54(d)(2)(A) and (2)(B)(i).  Local Rule 4.18 states: "In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees *preserved by appropriate pleading* or pretrial stipulation shall be asserted by separate motion…" (emphasis added).  It is undisputed that Defendants did not plead an entitlement to attorney's fees in their Answer.  Plaintiff contends that this failure bars Defendants from seeking such fees now.[1]

In *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000), the Eleventh Circuit upheld an award of attorney's fees to the prevailing party although no demand for attorney's fees appeared in that party's pleadings.  The court determined that, despite the lack of such allegations, it had jurisdiction to consider the prevailing party's demand for fees and that an award could be made. *Id.*; *see also Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1242 (5th Cir.1984); *Kamel v. Kenco/The Oaks at Boca Raton, LP,* NO. 07-80905-CIV, 2008 WL 3471594, *1 (S.D. Fla. Aug.

---

[1]Since the briefing, Plaintiff has filed a Notice of Appeal of the underlying judgment.  As motions for attorney's fees are collateral matters, the pendency of the Notice of Appeal does not divest the Court of jurisdiction to consider the instant motion. *See Mahone v. Ray*,  326 F. 3d 1176, 1179 (11th Cir. 2003); *Palmyra Park Hosp., Inc. v. Phoebe Putney Memorial Hosp., Inc.*, 688 F.Supp.2d 1356, 1358 (M.D. Ga.2010) ("The Eleventh Circuit has expressly held that a district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case") (*citing Rothenberg v. Sec. Mgmt. Co., Inc.,* 677 F.2d 64, 65 (11th Cir.1982)).

11, 2008); and Fed. R. Civ. P. 54(c) (the Court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Defendants' failure to plead entitlement to attorney's fees in their Answer does not bar the instant motion.

*ERISA and the Court's Discretion*

Substantively, Defendants seek to invoke the Court's discretionary authority to assess attorney's fees under 29 U.S.C. § 1132(g)(1)), which states:

> In any action under this subchapter [ ] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). Defendants contend that the instant case is an appropriate one warranting the exercise of the Court's discretion to award fees.

The parties focus their arguments on whether the District Court's finding that Plaintiff lacked standing to pursue this claim was a mere procedural victory or a determination of success on the merits. However, in order for this provision to apply at all, the Court must first decide whether this action is an action "by a participant, beneficiary, or fiduciary." As detailed in the District Court's summary judgment Order (Doc. 84), it is not.

As the District Judge noted:

> The language in the statute is clear: the only "parties who have independent standing to sue an ERISA plan" are participants, beneficiaries, fiduciaries, or the Secretary of Labor. *Cagle,* 112 F.3d at 1514.[2] However, the Eleventh Circuit has ruled that Congress "did not intend to alter the general rule that an assignee of a right has the same standing to sue as the assignor," so a party may obtain "derivative standing based upon an assignment of rights from an entity listed in" § 1132(a). *Id.* at 1515.

(Doc. 84, p. 4). In determining that Plaintiff lacked standing, including derivative standing, to sue under § 1132, the District Court necessarily found that Plaintiff was not a participant, beneficiary, or fiduciary. It follows, then, that this action was not brought by a participant, beneficiary or fiduciary,

---

[2] *Cagle v. Bruner,* 112 F.3d 1510 (11th Cir. 1997) (per curiam).

and therefore, this section does not authorize an award of fees to either party.  *See Donovan v. Dillingham,* 668 F.2d 1196, 1198 (11th Cir.1982), *modified on other grounds on rehearing en banc,* 688 F.2d 1367 (11th Cir.1982) (attorney's fees not recoverable under this section in action brought by Secretary of Labor as Secretary is not a participant, beneficiary, or fiduciary); *Brock v. Walton,* 663 F.Supp. 70, 72 (S.D. Fla.1987) ("This action does not fall within the coverage of section 1132(g)(1). The action herein was brought by the government and not by a participant, beneficiary or fiduciary"); *Self-Insurance Institute of America, Inc. v. Korioth,* 53 F.3d 694, 696 (5th Cir. 1995) ("Defendants argue that the court erred in awarding attorneys' fees because it had previously found that [plaintiff]was not an ERISA participant, beneficiary, or fiduciary. We agree."); *Saladino v. I.L.G.W.U. Nat. Retirement Fund,* 754 F.2d 473 (2d Cir.1985) (plaintiff not entitled to award of attorney fees under Employee Retirement Income Security Act, inasmuch as he had no colorable claim to vested benefits, and thus was not "participant").  As the Supreme Court noted in interpreting this section in a different context, "We must enforce plain and unambiguous statutory language according to its terms."  *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 130 S.Ct. 2149, 2156, 176 L.Ed.2d 998 (2010).  In doing so, it is clear that Section 1132(g)(1) cannot form the basis for Defendants claim for attorney's fees.

Moreover, even if this section did apply, the Court finds no basis justifying an award of attorney's fees.  As acknowledged by United, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt,* 130 S.Ct. at 2158. Here, however, the District Court explicitly noted that it was not reaching the merits of Plaintiff's claim that Defendant's actions were violative of ERISA.  *See* Doc. 84, p. 9 ("The Court expresses no opinion on the merits of Plaintiff's claim – it may well be that Defendants are obligated to pay for Plaintiff's cardiac monitoring service under the various ERISA plans.").  In view of the remedial

purpose of ERISA and the circumstances present here, the Court finds that this is simply not an appropriate case for fee shifting.

Although Defendants mention the Court's inherent authority, they present no argument justifying departure from the traditional American Rule regarding attorney's fees.  Therefore, as United has failed to set forth sufficient grounds to support its request for an award of attorney's fees, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 23, 2013.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy