UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MEDICOMP, INC.,**

    **Plaintiff,**

v.                                          Case No: 6:12-cv-100-Orl-22DAB

**UNITEDHEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE OF NEW YORK, UNITED HEALTHCARE SERVICE, LLC and UNITED HEALTHCARE SERVICES, INC.,**

    **Defendants.**

**ORDER**

This cause comes before the Court on the Objection (Doc. No. 94) of Defendants, various entities of United Healthcare ("Defendants"), to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 92) recommending denial of Defendants' Motion for Attorneys' Fees (Doc. No. 86). Plaintiff Medicomp, Inc. ("Plaintiff") responded in opposition to the Objection (Doc. No. 95). For the following reasons, the Objection will be overruled and the Motion for fees will be denied.

The undersigned entered summary judgment in favor of Defendants on July 22, 2013, because Plaintiff failed to submit any evidence that created a material issue of fact as to whether Plaintiff possessed a valid, written assignment of benefits from a participant in or beneficiary of a relevant ERISA plan (Doc. No. 84). Without such an assignment, Plaintiff lacked standing to sue under ERISA. 29 U.S.C. § 1132(a)(1); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001) (citing *Cagle v. Bruner*, 112 F.3d 1510, 1512–13 (11th Cir. 1997)).

The standing requirement is statutory, not prudential, so the Court's decision was technically on a threshold merits issue. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221–22 (11th Cir. 2008).

Defendants object to both of the grounds for denial of attorneys' fees articulated in the R&R: (1) that fees are unavailable because Plaintiff did not meet the statutory definition of a participant, beneficiary, or fiduciary, and (2) that Defendants failed to demonstrate some degree of success on the merits. Even assuming, without deciding, that fees are available where a plaintiff sues as an ERISA beneficiary but in reality is not one, the Magistrate Judge correctly determined that Defendants failed to demonstrate sufficient success on the actual merits of this dispute.

In pertinent part, ERISA provides for fee shifting through the following section: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In *Hardt v. Reliance Standard Life Insurance Co.*, the Supreme Court held that a party seeking fees under section 1132(g)(1) "must show 'some degree of success on the merits' before a court may award attorney's fees." 460 U.S. ---, 130 S. Ct. 2149, 2158 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S. Ct. 3274, 3282 (1983)). Determining that Congress did not mean to "abandon the American Rule," *id.* at 2157, the Court cautioned that a fee claimant must achieve enough success on the merits to prevent the district court from having to "conduct[] a 'lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue,'" *id.* at 2158 (alteration in original) (quoting *Ruckelshaus*, 463 U.S. at 688 n.9, 103 S. Ct. 3274 (quotation marks omitted)). Merely obtaining

- 3 -

"'trivial success on the merits' or a 'purely procedural victor[y]'" is insufficient. *Id.* (alteration in original).

In this litigation, the Court did not address the underlying coverage dispute at all – as stated in the summary judgment Order, "it may well be that Defendants are obligated to pay for Plaintiff's cardiac monitoring service under the various ERISA plans." (Doc. No. 84 at 9.) This case presents the type of trivial success on the merits or purely procedural victory that the Supreme Court found insufficient to warrant setting aside traditional American fee-shifting principles in *Hardt*. The parties might not have even reached summary judgment if Defendants had raised the statutory standing issue in their Motion to Dismiss (Doc. No. 26). Thus, the Court, in its discretion, declines to award fees to Defendants.

Based on the foregoing, it is ordered as follows:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 92), issued August 23, 2013, is **CONFIRMED** to the extent consistent with this Order.

2. Defendants' Objection to the R&R (Doc. No. 94) is **OVERRULED**.

3. Defendants' Motion for Attorney Fees (Doc. No. 86), filed August 6, 2013, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 22, 2013.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties